UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN THE MATTER OF:
Rochel Miriam Muskal                                  CASE NO.: 19-23429-MAM
                                                      Chapter 13
**Debtor**

## OBJECTION TO NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES AND CHARGES

Debtor, Rochel Miriam Muskal, by and though undersigned counsel, files this *Objection to Notice of Post-Petition Mortgage Fees Expenses and Charges* and in support thereof states as follows:

Previous Postpetition Mortgage Fees, Expenses and Charges

1. A Notice of Post-Petition Mortgage Fees, Expenses and Charges was filed on March 16, 2020, by U.S. Bank National Association ("Creditor").

2. The Debtor's First Amended Plan was confirmed on March 19, 2020 [ECF No. 34]. The Debtor proposes to cure and maintain the Creditor's Claim.

3. A Notice of Post-Petition Fees filed by the Creditor alleges a Proof of Claim fees in the amount of $600.00, Plan Review Fee of $350.00 and a 401A fee of $250.00 for a total of $1,200.00 in post-petition fees.

4. On May 5, 2020, Debtor filed an Objection to the post-petition fees. The parties entered into an agreement and on June 17, 2020, an Agreed Order on post-petition fees was entered [ECF 50].

Current Postpetition Mortgage Fees, Expenses and Charges

5. On January 17, 2023, Creditor filed a third Notice of Postpetition fees in the amount of $400.00 for a "plan review". The Notice does not itemize the Creditor's time in reviewing the plan, the Notice does not state who reviewed the plan nor which plan was reviewed.

6. Debtor asserts that the post-petition fees of $400.00, in addition to the post-petition fees already incurred, is excessive and should be disallowed and removed from Debtor's mortgage balance. The court in In re Porter, 399 B.R. 113, 119 (Bankr. D.N.H. 2008) analyzed the nature of post-petition fees concluding that:

  Many bankruptcy courts have held under analogous circumstances that simple tasks like reviewing numbers and filing in pre-printed, readily available blank forms as part of bankruptcy proceedings are costs best borne by creditors themselves, and should not be imposed on debtors via attorneys' fees. Cf. In re Madison, 337 B.R. 99, 105 (Bankr. N.D. Miss. 2006) (finding that preparing and filing a proof of claim is "ministerial in nature" for which no attorneys' fees should be allowed); In re Staggie, 255 B.R. 48, 56 & n.6 (Bankr. D. Idaho 2000) (noting that preparing a proof of claim is a task better left to the creditors' own staff and that it is "not unreasonable to expect the creditor's own staff to fill in the blanks of the form for a proof of claim, or to complete a loan payoff statement").

7. Debtor asserts that charging an additional $400.00 in fees for filing a proof of claim and reviewing a plan with one secured creditor, whose claim is being paid in full, is an additional and unjust burden, on the Debtor who is curing the pre-petition default. As with In re Jaramillo, No. 09-33957 (Bankr. S.D. Fla March 1, 2010), the court found no justification for the creditor "incurring any fees in this case to protect its interest as the mortgage is admittedly non-modifiable and otherwise unaffected by this bankruptcy case". Debtor maintains there is no justification for the Creditor to charge an additional $400.00 in post-petition fees and that such fees should be stricken.

8. The undersigned counsel requests attorney fees and cost as a result of filing this Motion, pursuant to the Mortgage's attorney's fees provision.

  **WHEREFORE**, the Debtor, Rochel Miriam Muskal, prays that this Honorable Court sustain the instant Objection to the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed on January 17, 2023, award attorney's fees and cost to be paid by the Creditor and other further relief as the Court may deem just and proper.

  I HEREBY CERTIFY that a I am admitted to the Bar of the United States District court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated February 9, 2023

            Submitted by:

            Submitted by:
            /s/ Rachamin Cohen
            Rachamin "Rocky" Cohen, Esq.
            Attorney for Debtor

Florida Bar No. 96305  
Cohen Legal Services, PA  
1801 NE 123rd Street, Suite 314  
North Miami, FL 33181  
Telephone: 305-570-2326  
Email: rocky@lawcls.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing and the accompanied Notice of Hearing has been forwarded by CM/ECF to Robin Weiner, Trustee, and all additional parties below, this 9th day of February 2023.

Wanda D Murray    ecfflsb@aldridgepite.com,  
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov  
Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com  
Melbalynn Fisher    mfisher@ghidottiberger.com

I certify that on February 9, 2023, I have mailed via first-class mail, postage prepaid, the documents electronically filed with the Court on the additional parties listed below.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Submitted by:  
/s/ Rachamin Cohen  
Rachamin "Rocky" Cohen, Esq.  
Attorney for Debtor  
Florida Bar No. 96305  
Cohen Legal Services, PA  
1801 NE 123rd Street, Suite 314  
North Miami, FL 33181  
Telephone: 305-570-2326  
Email: rocky@lawcls.com

<u>VIA USPS:</u>  
SN Servicing Corp  
323 5th Street  
Eureka, CA 95501